# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *Vincent Payne*, individually | : | |
| and as parent and guardian of | : | |
| Victoria Payne, *and, Victoria* | : | |
| *Payne*, a minor, by and through | : | |
| her parent and natural guardian, | : | |
| Vincent Payne | : | |
| **PLAINTIFFS** | : | **CIVIL ACTION NO: 14-6508** |
| v. | : | |
| *City of Philadelphia, et al* | | |

**COUNSEL'S RESPONSE TO VINCENT PAYNE'S *PRO SE* FILING OF 10/29/15**

1. On October 5, 2015, upon agreement of the parties, this action was voluntarily dismissed pursuant to a stipulation and subsequent Order from this Court.

2. On October 29, 2015, Vincent Payne filed a *pro se* document asking this Court to re-open the case. Therein, Mr. Payne claimed that he never consented to dismiss this lawsuit.

3. Mr. Payne's averment that he never consented to withdraw this suit is inaccurate.

4. The events that led to the aforementioned stipulation are as follows:

   a. On August 18, 2015, the undersigned took the deposition of a corporate designee of DHS. Testimony therein revealed the regulatory and policy framework that governs DHS relative to placement of children in foster care.

   b. The undersigned's subsequent research revealed that DHS and its employees acted in a manner that did not violate Plaintiffs' civil rights in this case,

    particularly given the minor Plaintiff's prior statements to DHS personnel; as well as her deposition testimony in this matter; as well as Mr. Payne's conduct throughout the timeframe relevant to this action; as well as his own admissions at his deposition in this case; as well as Mr. Payne's chronic inability to secure housing for himself, let alone his daughter.

c.  After the 30(b)(6) deposition, the undersigned spoke with Mr. Payne on numerous occasions and explained that this lawsuit was poised for dismissal because it is without merit.

d.  Defendants' summary judgment motion was filed on September 9, 2015 and speaks for itself.

e.  After that motion was filed, the undersigned had phone conversations with Mr. Payne and explained that there was no legitimate, good faith response, either in fact or in law, that could be filed in opposition to the motion.

f.  Prior to September 30, 2015, Mr. Payne consented to dismiss the current action during a phone conversation with the undersigned.

g.  On September 30, 2015, Mr. Payne again confirmed his consent to dismiss the current action via a text message exchange with the undersigned.[1]

h.  On October 2, 2015, counsel for the parties executed the aforementioned stipulation, and this Court entered an Order dismissing the action on October 5, 2015.

---

[1] While the undersigned feels constrained to respond to Mr. Payne's allegation that he did not consent to withdraw this suit, the undersigned is not comfortable reproducing this text message exchange because it involved discussion of another legal matter.

    i. On October 16, 2015, Mr. Payne sent the undersigned a text message asking for the paperwork stating that the case is closed. The undersigned offered to mail these documents to Mr. Payne, but he indicated that he did not have an address at that point and would let the undersigned know when he did.[2]

    j. The undersigned never heard back from Mr. Payne, but received his *pro se* filing that was effectuated on October 29, 2015.

5. In sum, Mr. Payne was repeatedly informed of the posture of this case; indicated his consent to withdraw the action on at least two occasions; and followed up by seeking documents showing that the case was dismissed.

6. In the event that this matter is re-opened, the undersigned will respectfully seek permission to withdraw from the case because he cannot continue to prosecute this matter in good faith compliance with F.R.C.P. 11.

**RESPECTFULLY SUBMITTED,**
**/s/ Todd Michael Mosser**
**MOSSER LEGAL, PLLC**
**ID No. 87534**
**Date:  10/30/15**  1500 JFK Blvd, Suite 1723
Philadelphia, PA 19102
215-567-1220
todd@mosserlegal.com

---

[2] During the pendency of this action, Mr. Payne left the Philadelphia area and apparently moved to somewhere in the Lehigh Valley.

## CERTIFICATE OF SERVICE

The foregoing document was served on Assistant City Solicitor Michael. R. Miller via e-filing and to Vincent Payne via first class mail to the address he has most recently provided, which is 2406 Clearfield Street, Philadelphia, PA 19132.

**RESPECTFULLY SUBMITTED,**

/s/ Todd Michael Mosser

**MOSSER LEGAL, PLLC**

ID No. 87534

Date:  10/30/15

1500 JFK Blvd, Suite 1723

Philadelphia, PA 19102

215-567-1220

todd@mosserlegal.com